UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSE ANTONIO AVALOS-DIAZ,

Petitioner,

v.

BRIAN ENGLISH, et al.,

Respondents.

CAUSE NO. 3:26-CV-435-CCB-SJF

## OPINION AND ORDER

Immigration detainee Jose Antonio Avalos-Diaz, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Avalos-Diaz is a citizen of Mexico who entered the United States without inspection. (ECF 1 at 2; ECF 4-2 at.) He claims—without contradiction by the government—that he has been living here since 2001. (ECF 1 at 2.) He came to the attention of immigration officials in March 2026 after being arrested on a drunk-driving charge in Illinois. (ECF 4-2 at 2.) On March 3, 2026, he was taken into custody by Immigration and Customs Enforcement (ICE) agents in Illinois pursuant to an administrative warrant, and removal proceedings were initiated against him. (ECF 4-2 at 3, 9.) He was subsequently transferred to Miami Correctional Facility, where he remains at present pending the conclusion of his removal proceedings. (ECF 1 at 1; ECF 7.)

Mr. Avalos-Diaz has not been given an opportunity for release on bond because immigration officials view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). (ECF 1 at

1.) He argues that his continued detention without an opportunity for bond violates applicable statutes and the Fifth Amendment's Due Process Clause. (*Id.* at 4-5.) He seeks a prompt bond hearing or release from custody if a bond hearing is not provided. (*Id.* at 6.)

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 2.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondents answered the petition (ECF 4), and Mr. Avalos-Diaz filed a reply (ECF 5).

The Respondents repeat their argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Avalos-Diaz is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 4.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not

likely to succeed on its argument that the mandatory detention provision contained in

§ 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[1] *See*

*Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C.

§ 1225(b)(2) does not apply to individuals like Mr. Avalos-Diaz who are arrested within

the interior of the country years after their arrival. That leads the court to 8 U.S.C.

§ 1226(a), the "default rule" for detention of noncitizens who are "already present in the

United States."[2] *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a

warrant issued by the Attorney General, an alien may be arrested and detained" while

removal proceedings are pending, and the Attorney General "(1) may continue to detain

the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional

parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has

held that a noncitizen detained under § 1226(a) is entitled to an individualized bond

hearing. *Jennings*, 583 U.S. at 306.

---

[1] The court is aware of the 2-1 opinions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), reaching a different conclusion. These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until guidance comes from the Seventh Circuit.

[2] According to immigration records, Mr. Avalos-Diaz had arrests and convictions in Illinois in addition to the pending drunk-driving charge. (ECF 4-2 at 3.) However, the Respondents do not argue that he is ineligible for bond because of a criminal record and instead rest on their argument under 8 U.S.C. § 1225(b)(2). (*See* ECF 4.) The court therefore does not explore whether his detention might be authorized by some other statutory provision. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." (internal citations and quotation marks omitted)).

Here, Mr. Avalos-Diaz was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 4-2 at 9.) However, he has not been given an opportunity for bond because officials view him as categorically ineligible for bond under § 1252(b)(2). (ECF 4.) This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

The Respondents argue that the court should not grant Mr. Avalos-Diaz any relief until he exhausts all available administrative channels, including filing a motion for bond with an immigration judge and appealing any adverse ruling to the Board of Immigration Appeals. (ECF 4 at 6.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Mr. Avalos-Diaz argues that it would have been futile for him to pursue a request for bond within the agency before seeking habeas relief in light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that noncitizens without legal status in the United States

are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (ECF 1 at 3.) The court agrees, because it is evident from the record (and from the many other habeas petitions filed in this District in recent months) that the government views individuals like Mr. Avalos-Diaz as categorically ineligible for bond.

Recent proceedings in a case out of California further support the conclusion that it would have been futile for Mr. Avalos-Diaz to pursue a bond hearing through the agency before seeking habeas relief. In February 2026, a judge in the Central District of California issued an order vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal docketed*, *In re Lazaro Maldonado Bautista*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed, and, at the government's request, the Ninth Circuit recently stayed the court's class certification order and final judgment "insofar as they extend beyond the Central District of California," and stayed the court's post-judgment order vacating *Hurtado* in its entirety. *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 31, 2026). The district judge's decision vacating *Hurtado* is thus unlikely to change the outcome of a custody redetermination motion filed by an individual like Mr. Avalos-Diaz, who is outside of California. These recent proceedings also confirm that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

Therefore, Mr. Avalos-Diaz is entitled to a bond hearing in accordance with 8 U.S.C. § 1226 and its implementing regulations. He asks that the hearing occur within seven days, and the court finds this request reasonable. If the government does not provide him with an individualized bond hearing by the deadline below, then he must be released, because his continued detention without an opportunity for bond is unlawful.[3] 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition for a writ of habeas corpus (ECF 1) and **ORDERS** the Respondents to release Jose Antonio Avalos-Diaz on or before **May 1, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Respondents to file proof of compliance with this order by **May 4, 2026.**

SO ORDERED on April 23, 2026

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Because the court concludes that Mr. Avalos-Diaz is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his continued detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").